IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TIFFANY AUTUMN LUNA-VIDES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SABRINA ANNLYNN CARPENTER, ) <br> and ISLAND DEF JAM MUSIC ) <br> GROUP, ) <br> ) <br> Defendants. | Civil No. 4:24-cv-03215 <br><br> Judge Charles R. Eskridge III <br> Magistrate Judge Christina A. Bryan |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The Court should grant Defendants Sabrina Annlynn Carpenter's ("Carpenter") and Island Records', a division of UMG Recordings, Inc. (improperly named herein as "Island Def Jam Music Group") ("UMG"), (Carpenter and UMG, collectively, "Defendants") Motion to Dismiss (ECF No. 15). *First*, the Motion is unopposed under this Court's Local Rules because Plaintiff Tiffany Autumn Luna-Vides ("Plaintiff") failed to file any opposition or response by the submission day, as required under Local Rule 7.4(A). *Second*, even if the Court accepts Plaintiff's untimely submitted affidavit in opposition to the Motion (ECF No. 19), nothing in that affidavit justifies continued litigation.

**I.     DEFENDANTS' MOTION IS UNOPPOSED BECAUSE PLAINTIFF'S RESPONSE WAS UNTIMELY**

The Court should not consider Plaintiff's untimely "Affidavit in Opposition to Defendant's [sic] Motion to Dismiss." (ECF No. 19.)  Defendants filed their Motion to Dismiss on December 23, 2024 and served it upon Plaintiff electronically and via certified

1

mail return that same day.[1]  Thus, the submission day for the Motion was twenty-one (21) days later, on January 13, 2025.  (L.R. 7.3; *see* L.R. 7.4(A).)  Plaintiff did not file any response or opposition to the Motion to Dismiss by that deadline.  (*See* ECF No. 16.)  Only on February 11, 2025—more than four weeks later—did Plaintiff serve or file her "Affidavit in Opposition to Defendant's [sic] Motion to Dismiss."  (ECF No. 19.)

This Court does not consider untimely responses to motions and should strike Plaintiff's untimely response.  *E.g.*, *Sentinel Ins. Co. v. Ortiz*, No. H-19-380, 2020 WL 13413687, at *1 n.1 (S.D. Tex. July 23, 2020) (striking an untimely response and considering the motion unopposed under the Local Rules); *Esquival v. Dollar Express Stores, LLC*, No. H-19-975, 2020 WL 4679573, at *2 (S.D. Tex. June 11, 2020) (striking an untimely response and considering the motion unopposed); *Davis v. Tex. Children's Hospital*, No. H-17-280, 2018 WL 11469749, at *2 n.1 (S.D. Tex. May 15, 2018) (striking untimely response to motion and considering the motion unopposed); *Gonzalez v. City of Corpus Christi Tex.*, No. C-10-321, 2011 WL 147741, at *2–3 (S.D. Tex. Jan. 18, 2011) (deeming a motion unopposed in the face of an untimely response); *Garcia v. Webb Cnty., Tex.*, No. L-08-160, 2010 WL 723760, at *4 (S.D. Tex. Feb. 25, 2010) (considering a motion unopposed in the face of an untimely response).  Whether the Court affirmatively

---

[1] The electronic service was effective under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure because Plaintiff consented in writing to "accept electronic updates on the case." (**Ex. H** at 1; *see also* ECF No. 17 ¶10(A)(F).)  Independently, service via certified mail to Plaintiff's last known address was effective under Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure and was "complete upon mailing."

strikes Plaintiff's Affidavit or not, the Court certainly should not consider it and should treat Defendants' Motion to Dismiss as unopposed.

In her Affidavit, Plaintiff avers that she "didn't file my Motion To Oppose on time" because she alleges that she was "tricked by the defendants when they asked [her] for [her] 'response' in their Motion To Dismiss . . . ." (ECF No. 19 ¶ 4.)  It is not clear what alleged "trick" Plaintiff accuses Defendants of carrying out.  Defendants detailed the bases for their Motion to Dismiss in a detailed email on December 11, 2024, (**Ex. I**), as specifically required by this Court's Procedures.  (Court Procedures ¶ 17(b) (Hon. Charles R. Eskridge III).)  Within hours, Plaintiff responded, "I **completely** oppose." (*Id.*)  Defendants presented the entirety of Plaintiff's response to the Court in their Certificate of Conference, complete with Plaintiff's emphasis.  (ECF No. 15 at 20.)

Then, on January 17, 2025, Defendants filed a Notice of Non-Opposition to their Motion to Dismiss (ECF No. 16) and served it on Plaintiff via e-mail.  (**Ex. J**.)  Defendants Notice of Non-Opposition explained that "Plaintiff has not timely filed any opposition to Defendants' Motion and it is now ripe for determination by the Court." (ECF No. 16 at 1.)  Plaintiff waited more than three weeks after that notice to file anything in response to the Motion to Dismiss.  In fact, in mid-January, Defendants expressly invited Plaintiff to explain if her failure "to timely respond to the motion was inadvertent," so the parties could discuss the issue.  (Ex. J at 1.)  Plaintiff has neither asserted that her failure to timely respond was inadvertent, nor sought an extension of time, nor adequately justified her failure to timely respond.  Simply put, there are no tricks at play here.

3

Nor does Plaintiff's status as a *pro se* litigant justify her failure to abide by this Court's procedures in timely responding to motions. "[O]nce a *pro se* IFP litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Hamilton v. Collier*, 711 F. Supp. 3d 676, 686 (S.D. Tex. 2024) (Eskridge, J.) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)) (alterations added); *see Yang v. Awbury Grp., LLC*, No. 4:22-CV-0640, 2022 WL 16587254, at *1 (S.D. Tex. Sept. 19, 2022) (Bryan, J.) ("Parties proceeding pro se must follow basic procedural rules.").

## II.   EVEN IF THE COURT CONSIDERS PLAINTIFF'S UNTIMELY AFFIDAVIT, IT DOES NOT JUSTIFY CONTINUED LITIGATION

Setting aside the procedural and untimeliness problems with Plaintiff's Affidavit, (ECF No. 19), nothing in that Affidavit justifies denial of Defendants' Motion.

### A.   Plaintiff Does Not Justify Personal Jurisdiction Over Ms. Carpenter

This Court does not have personal jurisdiction over Ms. Carpenter. Nothing in Plaintiff's Affidavit suggests otherwise, despite the fact that Plaintiff bears the burden of establishing the Court's personal jurisdiction over each Defendant. *E.g.*, *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999) ("When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant."); *see also Torson v. Hyundai Oilbank Co.*, No. 4:21-cv-00778, 2022 WL 79649, at *2 (S.D. Tex. Jan. 7, 2022) (Eskridge, J.).

Plaintiff avers that "copyright law *is* federal law, meaning the location of the infringing [sic] doesn't matter," and "I had every right to file in my city or in theirs." (ECF

4

No. 19 at 2.) As to **subject matter jurisdiction**, the federal courts do have exclusive jurisdiction in copyright suits, 28 U.S.C. § 1338(a), but Plaintiff must still establish that this Court has **personal jurisdiction** over the Defendants. *E.g.*, *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 918 (5th Cir. 1987) (affirming dismissal for lack of personal jurisdiction where the plaintiffs "did not recognize the difference between in personam jurisdiction and subject matter jurisdiction, or the fact that both types of jurisdiction are required"). Plaintiff has neither alleged facts in her Complaint nor presented any in her Affidavit to suggest that this Court has personal jurisdiction over Ms. Carpenter. Thus, Ms. Carpenter's declaration about her lack of contacts with the State of Texas (ECF No. 15-1 at 49–52) is unrebutted. Because this Court lacks personal jurisdiction over Ms. Carpenter, the Court should dismiss Plaintiff's claim against her.

## B. Plaintiff Neither Alleges, Nor Presents Any Evidence Suggestive of A Plausible Access Theory or Any Similarity

Plaintiff's copyright claim requires evidence that either: (1) Defendants had access to Plaintiff's work and the works are "substantially similar," or (2) the works are so "strikingly similar" so as to preclude the possibility of independent creation. As explained in Defendants' Motion to Dismiss, Plaintiff's Complaint fails to set forth any allegations of either of these elements.

Nothing in Plaintiff's Affidavit cures the deficiencies of her Complaint or addresses either of these elements. Plaintiff does not even state a bare allegation of "substantial similarity" or "striking similarity." Nor can she. (*Compare* Tiffany A. Luna, *I'm in Love (Official Lyrics Video)*, YOUTUBE (July 24, 2024),

5

https://www.youtube.com/watch?v=i9iyGCReEHk, *with* Sabrina Carpenter, *Espresso (Official Video)*, YOUTUBE (Apr. 12, 2024), https://www.youtube.com/watch?v=eVli-tstM5E.)

As to access, Plaintiff merely hints that she still has "***beyond*** more evidence [she] would like the opportunity to present." (ECF No. 19.) But the promise of "more evidence" in the absence of presently sufficient factual allegations of access or similarity in the Complaint is no answer to Defendants' Motion to Dismiss. If Plaintiff could make supportable, plausible allegations of access or copyright infringement, surely she would have by now. Plaintiff simply cannot state a plausible claim for relief and the Court should grant Defendants' Motion to Dismiss with prejudice, as any amendment Plaintiff could offer will be futile. Indeed, Defendants' investigation since filing their Motion to Dismiss has uncovered audio files embodying the allegedly infringing work that pre-date the earliest alleged date of first publication of Plaintiff's allegedly copyrighted work (i.e., October 23, 2023). (ECF No. 17 ¶ 10(A)(B).)

### III.  CONCLUSION

Plaintiff has elected to proceed *pro se*. That does not exempt her from following this Court's procedures and rules. Despite Plaintiff's failure to properly serve her Complaint or a summons upon Defendants, (ECF No. 15 at 1), Defendants properly moved the Court to dismiss Plaintiff's claims under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's fairly and completely presented the bases for their Motion to Dismiss to Plaintiff, conveyed the entirety of Plaintiff's response to the Court, and properly served their Motion to Dismiss upon Plaintiff. Plaintiff failed to timely

respond. Defendants fairly notified Plaintiff of her failure to timely respond to the Motion and even invited a discussion if that failure was inadvertent. Plaintiff ignored that communication for more than three weeks. Now, Plaintiff has presented an untimely and conclusory Affidavit in opposition to Defendants' Motion to Dismiss that fails to address any of the deficiencies in Plaintiff's Complaint that Defendants described. The Court should strike the untimely Affidavit, treat the Motion to Dismiss as unopposed, and dismiss this case with prejudice because Plaintiff cannot muster plausible allegations of copyright infringement.

Dated: February 12, 2025

OF COUNSEL:

Cathryn A. Berryman
State Bar No. 02252990
WINSTEAD PC
2728 N. Harwood Street, Suite 500
Dallas, Texas 75201
Tel.: 214.745.5400
Fax: 214.745.5390
Email: cberryman@winstead.com

Respectfully submitted,

/s/ Michael D. Karson
Michael D. Karson
  *Attorney-in-Charge*
  State Bar No. 24090198
  S.D. Texas Bar No. 3293023
WINSTEAD PC
2728 N. Harwood Street, Suite 500
Dallas, Texas 75201
Tel.: 214.745.5400
Fax: 214.745.5390
Email: mkarson@winstead.com

*Attorney for Defendants Sabrina Annlynn Carpenter and Island Records, a division of UMG Recordings, Inc.*

## **CERTIFICATE OF COMPLIANCE**

In accordance with the Honorable Charles R. Eskridge III's Court Procedures, the undersigned certifies that this brief complies with the applicable type-volume limitations.

With respect to ¶ 18(b) of the Court's Procedures, this brief has been prepared on American letter-size paper, 13-point font, and a minimum of 1" margins. Except for lengthy quotations, headings, and footnotes, the text of this brief is double spaced.

With respect to ¶ 18(c) of the Court's Procedures, exclusive of the portions exempted by the Court's Procedures (e.g., case caption, table of contents, table of authorities, signature block, and certificates), this brief contains 1,634 words. This certificate was prepared in reliance on the word count of the word-processing system (Microsoft Office Word LTSC Professional Plus 2021) used to prepare this brief.

*/s/ Michael D. Karson*
Michael D. Karson

## **CERTIFICATE OF SERVICE**

On February 12, 2025, I filed the foregoing document with the Clerk of the Court for the United States District Court for the Southern District of Texas. I hereby certify that I have served the document on all counsel and/or *pro se* parties of record by a manner authorized by Federal Rule of Civil Procedure 5(b)(2):

Tiffany Autumn Luna-Vides
6822 Avenue V, Unit # 2
Houston, Texas 77011
tiffanyslullaby@gmail.com
business@tiffanyaluna.com

                                                  */s/ Michael D. Karson*
                                                  Michael D. Karson