UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TIFFANY AUTUMN LUNA-VIDES, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:24-CV-3215 |
| § | |
| SABRINA A. CARPENTER, ET AL., § | |
| *Defendants*. § | |

# MEMORANDUM AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss filed on December 23, 2024.[1] ECF 15. Plaintiff, who is pursuing this case pro se and in forma pauperis, did not file a timely Response. *See* LOC. R. S.D. TEX. 7.3, 7.4. However, Plaintiff filed an Affidavit in Opposition to the Motion to Dismiss on February 11, 2025, which the Court will consider as Plaintiff's Response. ECF 19. Having considered the parties' submissions and the law, the Court recommends that the Motion to Dismiss be GRANTED and the case be dismissed with prejudice.

## I.      Background

On August 27, 2024, Tiffany Autumn Luna-Vides filed in this Court a Complaint for a Civil Case asserting copyright infringement against Sabrina

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 5.

Annlynn Carpenter and Island Def Jam Music Group. ECF 1. Plaintiff alleges Ms. Carpenter's song "Espresso" is "ripped off" from Ms. Luna-Vides's song "I'm In Love." Plaintiff seeks $3,000,000 in damages and asks the Court to order "Espresso" "to be taken down" and to grant Plaintiff "100% of royalties with credit being given to my name, and my song, <u>everywhere</u> that "Espresso" is published." *Id.* at 4 (emphasis in original). Although the record reflects that the Clerk's office issued summonses for Defendants and delivered them to the U.S. Marshal for service, they were returned unexecuted. ECF 12; ECF 13. Nonetheless, Defendants Island Records, a division of UMG Recordings, Inc. (improperly named as "Island Def Jam Music Group") (UMG) waived service and filed a Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and, as to Carpenter, for lack of personal jurisdiction under Rule 12(b)(2).

## II.   Legal Standards

### A. Rule 12(b)(2)

Dismissal for lack of personal jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(2). *Fintech Fund, FLP v. Horne*, 327 F. Supp. 3d 1007, 1016 (S.D. Tex. 2018). When a defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant by prima facie evidence. *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 336 (5th Cir. 2020). The court determines whether plaintiff has met this prima facie

burden by considering the allegations of the complaint as well as the contents of the record at the time of the motion. *Id.*; *Fintech Fund*, 327 F. Supp. 3d at 1016. However, the court is not required to credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). If the plaintiff meets the prima facie burden, the burden shifts to defendant to show that the assertion of jurisdiction would be unfair. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 245 (5th Cir. 2008).

### B. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.

2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). In this case, the Court takes judicial notice of the records in *Luna-Vides v. Carpenter*, Cause No. 2024-27736 in the 152d District Court for Harris County, Texas and *Luna-Vides v. Bieber*, Cause No. 2024-02389 in the 281st District Court of Harris County, Texas.[2]

---

[2] Defendants have submitted other evidence outside of the Complaint in support of their Motion to Dismiss. The Court does not convert Defendants' Motion to Dismiss to a motion for summary judgment because the Court does not find it necessary to consider the evidence in ruling on Defendant's 12(b)(6) Motion to Dismiss.

4

### III. Analysis

The Court first addresses Defendant Carpenter's Rule 12(b)(2) Motion and then turns to the Rule 12(b)(6) Motion by all Defendants. *See Molzan v. Bellagreen Holdings, L.L.C.*, 112 F.4th 323, 336 (5th Cir. 2024) (holding courts should first address personal jurisdiction before turning to the merits).

### A. The Complaint fails to allege personal jurisdiction over Carpenter.

A federal court in Texas may exercise personal jurisdiction over a non-resident defendant to the extent permitted by the due process clause of the Fourteenth Amendment. *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir.1999) (holding that because the Texas long-arm statute extends to the limits of federal due process, the court only need address the requirements of the Fourteenth Amendment). The Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) the defendant has "purposefully availed itself of the benefits and protections of the forum by establishing 'minimum contacts' with the forum state," and (2) the exercise of personal jurisdiction over the defendant aligns with "traditional notions of fair play and substantial justice." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000); *International Shoe Co v. Washington*, 326 U.S. 310, 316 (1945). Both prongs of the due process test must be fulfilled for this court to exercise personal jurisdiction over a defendant.

The "minimum contacts" prong of the due process analysis is satisfied if (1) the controversy is "related to" or "arises out of" the nonresident defendant's contacts with the forum (specific jurisdiction), or (2) the defendant has "continuous and systematic" contacts with the forum (general jurisdiction). *Alpine View*, 205 F.3d at 215; *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 413-17 (1984). Satisfaction of the "continuous and systematic contacts" test required for general jurisdiction requires extensive, substantial contacts and is a difficult test to meet. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

In analyzing the "fundamental fairness" prong of the due process analysis, a court considers factors such as: (1) the burden on the nonresident defendant to defend itself in the forum; (2) the interests of the forum state; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the states' shared interest in furthering fundamental social policies. *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006).

Carpenter has challenged this Court's exercise of personal jurisdiction by submitting her Declaration attesting that she resides in Los Angeles, California and has never resided in Texas or owned property in Texas. ECF 15-1 at 50. Her Declaration also establishes that neither she nor her collaborators wrote or recorded

any portion of "Espresso" in Texas, nor filmed any portion of the "Espresso" video in Texas. *Id.* at 50-51.

In response to Defendant Carpenter's challenge to personal jurisdiction, Plaintiff has failed to meet her burden to make a prima facie showing of personal jurisdiction as required under *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 336 (5th Cir. 2020). The Complaint alleges Carpenter is a citizen of California and Pennsylvania. ECF 1-3 at 3. The Complaint fails to allege that this action is related to or arises out of any activity by Carpenter in Texas as required for specific jurisdiction. *See id.* at 4 (Statement of Claim). The Complaint fails to allege that Carpenter has any contacts with Texas, much less the kind of continuous and systematic contacts that support general personal jurisdiction. *Id.* Plaintiff's late-filed Affidavit (ECF 19) and her Motion of Opposition to Defendants' Motion to Dismiss in *Luna-Vides v. Carpenter*, Cause No. 2024-27736 in the 152d District Court for Harris County, Texas[3] (15-1 at 5-7), contain only conclusory allegations that Plaintiff is entitled to sue in Texas. Because Plaintiff has not met her prima facie burden, Defendant is not required to establish that it would be unfair to require Carpenter to defend this case in Texas. *Walk Haydel & Assocs., Inc. v. Coastal*

---

[3] According to the Harris County District Clerk website, Cause No. 2024-27736 was dismissed on Defendant's Motion and judgment entered on September 20, 2024. https://www.hcdistrictclerk.com/edocs/public/CaseDetails.aspx?Get=SYlIRQIVHv9cEAw+wQwbf+Gy60oucNNe0rBo159egulN38E5hJxfFU0matqczQq3bWGhakcNj7rXPieyCNLs7ArMFwYa5aSLMnB8Fu5GSzA= (last visited June 4, 2025).

*Power Prod. Co.*, 517 F.3d 235, 245 (5th Cir. 2008) (holding the burden shifts *if* the plaintiff meets the prima facie burden). Plaintiff's claims against Carpenter should be dismissed for lack of personal jurisdiction.

### B. The Complaint fails to state a plausible claim for copyright infringement.

A plaintiff's Complaint must allege sufficient facts to state a plausible claim for relief. *Twombly*, 550 U.S. at 570. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

To prevail on a claim for copyright infringement, a plaintiff must plead and prove ownership of a copyright, factual copying, and substantial similarity." *Su v. Gaya Won, LLC*, Civil Action No. H-23-3215, 2024 WL 5301787, at *8 (S.D. Tex. Dec. 23, 2024), *report and recommendation adopted*, 2025 WL 50261 (S.D. Tex. Jan. 7, 2025) (citing *Batiste v. Lewis*, 976 F.3d 493, 502 (5th Cir. 2020)). Factual copying can be shown by direct evidence or by "(1) proof that the defendant had access to the copyrighted work prior to creation of the infringing work and (2) probative similarity." *Id.* However, because not all factual copying is actionable, the plaintiff must also show "that the infringing work is substantially similar to the protectable elements of the infringed work, which usually requires a side-by-side comparison of the protectable elements of the works." *Id.*

Plaintiff's Complaint alleges the following facts, transcribed in their entirety as accurately as possible from Plaintiff's handwriting:

> Sabrina Carpenter's "Espresso" is ripped off my song "I'm in Love," specifically, the beat, along with the lyrics "shading" me. Sabrina hung out with my public ex Justin Bieber and his wife (my imperson[unclear] as well) Hailey Bieber in the week the song was released. I have a separate case on the Biebers because of aggravated stalking and harassment in Harris County #202402389.[4] They hung out with Sabrina to put Sabrina against me and copyright infringe off my song, along with lost wages.

ECF 1 at 4. The Complaint in this case fails to allege the elements of a claim for copyright infringement or facts to support them. Assuming Plaintiff's allegation that "I'm in Love" is her own song is sufficient for current purposes to plead ownership, the Complaint fails to allege sufficient facts to support the other elements of copyright infringement.

The Complaint alleges no facts that, if true, would constitute direct evidence of copying. Therefore, Plaintiff must plead facts that show both access and probative similarity. Plaintiff's allegation that Carpenter hung out with the Biebers the week "Espresso" released fails to sufficiently allege that Carpenter had access to "I'm in Love" *before* the allegedly infringing "Espresso" was created. Plaintiff alleges that

---

[4] According to the Harris Country District Clerk Website, Case No. 2024-02389 was dismissed for want of prosecution on April 25, 2025. https://www.hcdistrictclerk.com/edocs/public/CaseDetails.aspx?Get=SYlIRQIVHv8BJ8WGfUnXEIj2T/UBAjx0nZZk3UnEpb5IcHrmPiqjCgXG7uNMRYMsHb3VapoqRR1+lPKUSBVMbgnuQ332kgq0/GsEDjXWv2A= (last visited June 4, 2025).

9

the 2024 Coachella Festival took place the week "Espresso" was released. Therefore, it is simply not plausible that the Biebers gave Carpenter access to "I'm in Love" prior to the writing and recording of "Espresso."[5] Further, the allegation that Defendant "ripped off" the beat and lyrics of "I'm in Love," is conclusory and does not allege enough factual detail to constitute a plausible allegation of "probative similarity" sufficient to support an inference of factual copying. The complaint does not describe the similar beat or cite any specific lyrics.

Finally, the Complaint fails to allege enough factual detail to constitute a plausible allegation of substantial similarity, determination of which ultimately requires a side-by-side comparison. *See* Randolph v. Dimension Films, 634 F. Supp. 2d 779, 787 (S.D. Tex. 2009) (citing *Creations Unlimited, Inc. v. McCain,* 112 F.3d 814, 816 (5th Cir.1997)). There is some question as to whether a court should determine substantial similarity on a motion to dismiss when the original work and allegedly infringing work are not submitted with the Complaint. *See Martineau v. Bungie, Inc.*, No. CV 24-2387, 2025 WL 1282711, at *6 (E.D. La. May 2, 2025) (declining to consider evidence not submitted with the complaint because the side-by-side comparison would be complicated due to the nature of the works at issue).

---

[5] Though not necessary to the Court's ruling and not given evidentiary weight on this Motion to Dismiss, Carpenter attests that she first performed "Espresso" live on April 12, 2024 at Coachella.

It is certainly arguable that the lyrics to "I'm in Love" and "Espresso" are central to Plaintiff's claims and thus can be considered in the context of Defendant's Motion to Dismiss despite not having been attached to the Complaint. *Norris,* 500 F.3d at 461 n.9. Unlike in *Martineau*, a side-by-side comparison of the song lyrics, if not the beat, would be simple and straightforward. Nonetheless, the Court declines to do so. The ultimate substantial similarity determination is not dispositive here given other deficiencies in the Complaint which require dismissal. Suffice it to say that the Complaint does not sufficiently plead substantial similarity. For these reasons, Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) should be granted.

### C. Leave to Amend Would be Futile.

Although courts generally grant pro se litigants an opportunity to amend a complaint before it is dismissed, leave to amend is not warranted if it would be futile. *Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016) (citations omitted); *Yan v. Taylor*, No. 24-10288, 2024 WL 4579606, at *1 (5th Cir. Oct. 25, 2024) (holding there can be no abuse of discretion in denying leave to amend where amendment would be futile). Denial of leave to amend is also appropriate where a plaintiff has already pleaded her "best case" after having been apprised of the insufficiency of the complaint. *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017).

Here, the record indicates that Plaintiff cannot in good faith amend her Complaint to correct the lack of personal jurisdiction over Sabrina Carpenter. Further, Plaintiff she did not respond to the Motion to Dismiss with any additional factual allegations that would support a plausible claim for relief and did not ask for leave to amend. Plaintiff declined to participate in a Rule 26(f) meeting with opposing counsel and failed to appear at the Initial Pretrial Conference. ECF 17, 18, 23, 24. Therefore, the Court finds that Plaintiff has already pleaded her best case and amendment would be futile.

## IV. Conclusion and Recommendation

For the reasons set forth above, the Court RECOMMENDS that Defendants' Motion to Dismiss be GRANTED. The Court further RECOMMENDS that Plaintiff's claims against Sabrina Carpenter be DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction, and Plaintiff's claims against UMG be DISMISSED WITH PREJUDICE for failure to state a claim.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 10, 2025, at Houston, Texas.

Christina A. Bryan  
United States Magistrate Judge