# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| TIFFANY AUTUMN LUNA-VIDES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SABRINA ANNLYNN CARPENTER, ) <br> and ISLAND DEF JAM MUSIC ) <br> GROUP, ) <br> ) <br> Defendants. | Civil No. 4:24-cv-03215 <br><br> Judge Charles R. Eskridge III <br> Magistrate Judge Christina A. Bryan |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

## **TABLE OF CONTENTS**

I. Statement of the Nature and Stage of Proceedings ................................................... 1

II. Statement of Facts ...................................................................................................... 2

III. Statement of the Issues Requiring Resolution ........................................................... 3

IV. Standards of Review ................................................................................................... 3

V. Plaintiff Has Neither Cited Any Legal Authority, Nor Provided Any Other Basis, to Reject the Magistrate Judge's Memorandum and Recommendation. ........ 4

    A. Plaintiff Fails To Demonstrate Personal Jurisdiction Over Ms. Carpenter. ................................................................................................. 4

    B. Plaintiff Fails to Demonstrate Any Plausible Allegation of Copyright Infringement. ................................................................................................. 5

VI. Conclusion .................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Cases**

*Atlas Imports, Inc. v. Atain Specialty Ins. Co.*,
   No. 4:18-cv-01115, 2020 WL 4569608 (S.D. Tex. Aug. 7, 2020) (Eskridge, J.) ....... 3, 4

*Caldwell v. Palmetto State Sav. Bank of S.C.*,
   811 F.2d 916 (5th Cir. 1987) ................................................................................... 4, 5

*Guillory v PPG Indus., Inc.*,
   434 F.3d 303 (5th Cir. 2005) ........................................................................................ 4

*Hamilton v. Collier*,
   711 F. Supp. 3d 676 (S.D. Tex. 2024) (Eskridge, J.) ...................................................... 6

*Moon v. Newsome*,
   863 F.2d 835 (11th Cir. 1989) ....................................................................................... 6

*U.S. v. Wilson*,
   864 F.2d 1219 (5th Cir. 1989) ....................................................................................... 4

*Yang v. Awbury Grp., LLC*,
   No. 4:22-CV-0640, 2022 WL 16587254 (S.D. Tex. Sept. 19, 2022) (Bryan, J.)............ 6

**Statutes**

28 U.S.C. § 1338(a) ............................................................................................................... 4

28 U.S.C. § 636 ................................................................................................................ 1, 3

**Rules**

Fed. R. Civ. P. 12(b) .......................................................................................................... 1

The Court should dismiss Plaintiff Tiffany Autumn Luna-Vides' ("Plaintiff") Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, as the Magistrate Judge has recommended. (ECF No. 26.) In her Objection to the Magistrate Judge's Memorandum and Recommendation (ECF No. 27), Plaintiff does not identify any error of legal analysis or omission of any relevant factual consideration. Nor is there any clear error in the Magistrate Judge's Memorandum and Recommendation. Thus, the Court should overrule Plaintiff's Objection and adopt the Magistrate Judge's Memorandum and Recommendation dismissing this case.

## I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

Plaintiff's Complaint in this lawsuit was filed on August 27, 2024, alleging copyright infringement. (ECF No. 1.) On September 19, 2024, the District Judge referred this case to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the Cost and Delay Reduction Plan under the Civil Justice Reform Act. (ECF No. 5.)

On December 23, 2024, Defendants Sabrina Annlynn Carpenter ("Carpenter") and Island Records, a division of UMG Recordings, Inc. (improperly named as "Island Def Jam Music Group") ("UMG"), (Carpenter and UMG, collectively, "Defendants") filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 15.) Ms. Carpenter sought relief under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, and both Ms. Carpenter and UMG sought relief under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (*Id.*)

The Plaintiff did not timely file a response to Defendants' Motion. (*See* ECF No. 26 at 1.) The Plaintiff did, however, file an untimely Affidavit in Opposition to the Motion

1

on February 11, 2025, (ECF No. 19), which the Magistrate Judge considered as Plaintiff's Response, (ECF No. 26 at 1).  Defendants replied on February 12, 2025.  (ECF No. 21.)

On June 10, 2025, the Magistrate Judge issued a Memorandum and Recommendation.  (ECF No. 26.)  In the Memorandum and Recommendation, the Magistrate Judge recommended that (i) Plaintiff's claims against Ms. Carpenter be dismissed for lack of personal jurisdiction, and (ii) Plaintiff's claims against both Defendants be dismissed for failure to state a plausible claim for copyright infringement.

Plaintiff's Objection to the Magistrate Judge's Memorandum and Recommendation was filed on June 20, 2025.  (ECF No. 27.)

## II.   STATEMENT OF FACTS

The relevant facts in support of Defendants' substantive Motion to Dismiss are set out in their Motion.  (ECF No. 15 at 2–4.)

In the Memorandum and Recommendation, the Magistrate Judge found that Ms. Carpenter attested that she resides in Los Angeles, California and has never resided in Texas or owned property in Texas.  (ECF No. 26 at 6 (citing ECF No. 15-1 at 50).)  The Magistrate Judge also found that neither Ms. Carpenter nor her collaborators wrote or recorded any portion of the work-at-issue, "Espresso," in Texas, nor filmed any portion of the music video for "Espresso" in Texas.  (*Id.* at 6–7 (citing ECF No. 15-1 at 50–51).)  And the Magistrate Judge found that Plaintiff failed to make a prima facie showing of personal jurisdiction over Ms. Carpenter.  (*Id.* at 7–8.)

As to Plaintiff's implausible copyright infringement claims, the Magistrate Judge found that the "Complaint in this case fails to allege the elements of a claim for copyright

2

infringement or facts to support them." (*Id.* at 9.)  The Magistrate Judge found that the Complaint failed to allege sufficient facts to support the elements of copyright infringement other than, at most, ownership.  (*Id.*)  Specifically, the Magistrate Judge found that the Complaint fails to allege any facts that, if true, would constitute:

- (i) direct evidence of copying, (*id.* at 9);
- (ii) access by Defendants to Plaintiff's song **before** "Espresso" was created, (*id.* at 9–10);
- (iii) non-conclusory and plausible allegations that Defendants "ripped off" the beat or lyrics from Plaintiff's song to constitute a plausible allegation of "probative similarity," (*id.* at 10); or
- (iv) any plausible allegations of substantial similarity between two works, (*id.*).

Finally, the Magistrate Judge found that any amendment by Plaintiff would be futile because "Plaintiff cannot in good faith amend her Complaint to correct the lack of personal jurisdiction over Sabrina Carpenter" and Plaintiff "did not respond to the Motion to Dismiss with any additional factual allegations that would support a plausible claim for relief and did not ask for leave to amend." (*Id.* at 11–12.)

### III. STATEMENT OF THE ISSUES REQUIRING RESOLUTION

Whether the District Judge should accept the Magistrate Judge's Memorandum and Recommendation over the Plaintiff's Objection?

### IV. STANDARDS OF REVIEW

"When reviewing recommendations on dispositive motions, a district court reviews *de novo* any conclusions by a magistrate judge to which a party has specifically objected." *Atlas Imports, Inc. v. Atain Specialty Ins. Co.*, No. 4:18-cv-01115, 2020 WL 4569608, at *1 (S.D. Tex. Aug. 7, 2020) (Eskridge, J.) (citing 28 U.S.C. § 636(b)(1)(C) and *U.S. v.*

3

*Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)). "The court may accept any other portions to which there is no objection if no clear error appears on the face of the record." *Id.* (citing *Guillory v PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005)).

**V.    PLAINTIFF HAS NEITHER CITED ANY LEGAL AUTHORITY, NOR PROVIDED ANY OTHER BASIS, TO REJECT THE MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION.**

Plaintiff does not offer any specific evidentiary or other fact-based objections to the Magistrate Judge's Memorandum and Recommendation. Nor does Plaintiff identify any legal authority justifying rejecting or modifying the Magistrate Judge's Memorandum and Recommendation. Nothing in Plaintiff's Objection (ECF No. 27) is sufficient to overcome the detailed reasoning of the Memorandum and Recommendation.

### A.    Plaintiff Fails To Demonstrate Personal Jurisdiction Over Ms. Carpenter.

In her Objection, Plaintiff asserts that "[t]he Federal Court a HUNDRED percent has jurisdiction over Sabrina Annlynn Carpenter and her record label because they are the FEDERAL Government, **AND** INVOLVED when [Plaintiff] applied to have [Plaintiff's] musical works PROTECTED from this very thing." (ECF No. 27 at 1.) At best, that allegation *might* suggest that the Federal Courts have subject matter jurisdiction over copyright suits, *see* 28 U.S.C. § 1338(a), but Plaintiff was still required to establish that this Court has ***personal jurisdiction*** over the Defendants. *E.g.*, *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 918 (5th Cir. 1987) (affirming dismissal for lack of personal jurisdiction where the plaintiffs "did not recognize the difference between in personam jurisdiction and subject matter jurisdiction, or the fact that both types of

4

jurisdiction are required").[1] She failed to. Plaintiff neither alleged facts in her Complaint nor presented any in her Affidavit to suggest that this Court has personal jurisdiction over Ms. Carpenter. Nor has Plaintiff identified any additional facts in her Objection to the Memorandum and Recommendation suggesting that this Court has personal jurisdiction over Ms. Carpenter. Thus, Ms. Carpenter's declaration about her lack of contacts with the State of Texas (ECF No. 15-1 at 49–52) was—and remains—unrebutted. Because this Court lacks personal jurisdiction over Ms. Carpenter, the Court should dismiss Plaintiff's claim against her.

### B. Plaintiff Fails to Demonstrate Any Plausible Allegation of Copyright Infringement.

The Magistrate Judge explained that Plaintiff had failed to state a plausible claim for relief regarding alleged copyright infringement in her Complaint. (ECF No. 26 at 8–11.) In her present Objection, as was true in response to Defendants' Motion to Dismiss, Plaintiff fails to cure any of the deficiencies in her Complaint. Instead, Plaintiff simply inquires when she gets to show her evidence? (ECF No. 27 at 1.) Plaintiff has yet to identify or describe *any* plausible evidence demonstrating anything close to copyright infringement. In response to Defendants' Motion to Dismiss, Plaintiff hinted that she still has "beyond more evidence [she] would like the opportunity to present," (ECF No. 19), but she did not marshal any of it. Now, Plaintiff implies she has evidence when she asks

---

[1] Defendants cited *Caldwell* in their Reply in Support of Their Motion to Dismiss Plaintiff's Complaint. (ECF No. 21 at 5.) Plaintiff does not substantively respond to that authority in her present Objection.

when she may show it. (ECF No. 27 at 1.) But, as the Magistrate Judge already found, Plaintiff "did not respond to the Motion to Dismiss with any additional factual allegations that would support a plausible claim for relief and did not ask for leave to amend." (ECF No. 26 at 12.) She does not do anything more in her present Objection.

Instead, Plaintiff simply laments that she does not know how to proceed or where to get guidance for proceeding in Federal Court. (*See generally* ECF No. 27.) But "once a *pro se* IFP litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Hamilton v. Collier*, 711 F. Supp. 3d 676, 686 (S.D. Tex. 2024) (Eskridge, J.) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)) (alterations added); *see Yang v. Awbury Grp., LLC*, No. 4:22-CV-0640, 2022 WL 16587254, at *1 (S.D. Tex. Sept. 19, 2022) (Bryan, J.) ("Parties proceeding pro se must follow basic procedural rules.").

Lastly, Plaintiff suggests that the Magistrate Judge recommended granting Defendants' Motion to Dismiss because Plaintiff "failed to participate in the Pretrial Conference . . . ." (ECF No. 27 at 2.) It is true that Plaintiff failed to appear for the February 18, 2025 Initial Pretrial Conference, (*e.g.*, ECF No. 23), but that does not appear to be the basis for the Magistrate Judge's Memorandum and Recommendation. At most, the Magistrate Judge relied upon Plaintiff's failure to appear at the Initial Pretrial Conference[2] as further evidence of why any amendment to the Complaint would be futile. (ECF No. 26 at 12.)

---

[2] Plaintiff asserts that Defendants "ALSO FAILED to show up for the December 9th, 2024 11 AM court but that wasn't helded [sic] up against them." (ECF No. 27 at 2.) On

6

## VI. CONCLUSION

The Court should adopt the Magistrate Judge's Memorandum and Recommendation and dismiss this case.

Dated: June 24, 2025

OF COUNSEL:

Cathryn A. Berryman
State Bar No. 02252990
WINSTEAD PC
2728 N. Harwood Street, Suite 500
Dallas, Texas 75201
Tel.: 214.745.5400
Fax: 214.745.5390
Email: cberryman@winstead.com

Respectfully submitted,

/s/ Michael D. Karson
Michael D. Karson
  *Attorney-in-Charge*
  State Bar No. 24090198
  S.D. Texas Bar No. 3293023
WINSTEAD PC
2728 N. Harwood Street, Suite 500
Dallas, Texas 75201
Tel.: 214.745.5400
Fax: 214.745.5390
Email: mkarson@winstead.com

*Attorney for Defendants Sabrina Annlynn Carpenter and Island Records, a division of UMG Recordings, Inc.*

---

December 4, 2024, the Court Ordered the earlier-scheduled December 9, 2024 Initial Pretrial and Scheduling Conference to be reset for February 18, 2025 at 11:00 AM because Defendants had not appeared as of December 4, 2024. (ECF No. 11.) And Defendants had not appeared as of December 4, 2024 because Plaintiff had not served the Complaint and summons upon them—indeed, Plaintiff has never served the Complaint and Summons in this action. (*See* ECF No. 26 at 2 ("Although the record reflects that the Clerk's office issued summonses for Defendants and delivered them to the U.S. Marshal for service, they were returned unexecuted.").) Nonetheless, Defendants waived service and filed their Motion to Dismiss on December 23, 2024. (ECF No. 15.) So, in fact, Defendants have not failed to appear for any scheduled hearing, as Plaintiff now asserts.

## **CERTIFICATE OF COMPLIANCE**

In accordance with the Honorable Charles R. Eskridge III's Court Procedures, the undersigned certifies that this brief complies with the applicable type-volume limitations.

With respect to ¶ 18(b) of the Court's Procedures, this brief has been prepared on American letter-size paper, 13-point font, and a minimum of 1" margins. Except for lengthy quotations, headings, and footnotes, the text of this brief is double spaced.

With respect to ¶ 18(c) of the Court's Procedures, exclusive of the portions exempted by the Court's Procedures (e.g., case caption, table of contents, table of authorities, signature block, and certificates), this brief contains 1,785 words. This certificate was prepared in reliance on the word count of the word-processing system (Microsoft Office Word LTSC Professional Plus 2021) used to prepare this brief.

*/s/ Michael D. Karson*
Michael D. Karson

## CERTIFICATE OF SERVICE

On June 24, 2025, I filed the foregoing document with the Clerk of the Court for the United States District Court for the Southern District of Texas.  I hereby certify that I have served the document on all counsel and/or *pro se* parties of record by a manner authorized by Federal Rule of Civil Procedure 5(b)(2):

Tiffany Autumn Luna-Vides
6822 Avenue V, Unit # 2
Houston, Texas 77011
tiffanyslullaby@gmail.com
business@tiffanyaluna.com

*/s/ Michael D. Karson*
Michael D. Karson